UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FAY LOWERY                                                    CIVIL ACTION

VERSUS                                                        NO. 07-5971

ALLSTATE INDEMNITY COMPANY                                    SECTION:  "C" (4)

ORDER

The Court previously ordered briefing on whether the jurisdictional amount existed at the time of removal (Rec. Doc. 3). The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied,* 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.; Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.*  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2)

setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982)), *cert. denied*, 459 U.S. 1107 (1983).

In response to the Court's order, Allstate Insurance Company ("Allstate") filed a memorandum and affidavit that attempted to show that the jurisdictional minimum was met (Rec. Doc. 7). To illustrate the amount in controversy, Allstate pointed to the plaintiffs' insurance policy limits for their dwelling and contents. Allstate also asserted that the plaintiff's request for attorneys' fees and penalties catapulted the claim over the jurisdictional minimum. Essentially, Allstate argues that although it has made payments to Plaintiff, more than $75,000 remains under the limits of the policy, and thus, federal jurisdiction is appropriate.

However, Plaintiffs' claim does not state that there was a total loss or destruction of these items. Indeed, Plaintiff has submitted estimates for the damage sustained as a result of Hurricane Katrina. First, Plaintiff claims $33,849.95 in damages to covered

contents. (Rec. Doc. 7, Exhibit A). Also, Plaintiff claims $143,699.12 in damages to the covered structure. (*Id*. at Exhibit B). Thus, the total claimed loss is $177,549.07. Yet, Allstate has submitted payments of $67,292.62 and $28,349.95. (Rec. Doc. 7, p. 3). Therefore, $95,642.57 remained in controversy following Allstate's payments. Additionally, Plaintiff received payments under a flood insurance policy of $38,954.(Rec. Doc. 7, p. 4). This Court has ruled that flood insurance recovery must be offset against any homeowners recovery because insurance policies are contracts of indemnity. *Glaser v. State Farm Fire & Casualty Co.*, 2007 WL 1228794 (E.D.La.). Thus, only $56,688.57 remained in controversy at the date of removal.

Additionally, Allstate's assertion that Plaintiff's claim under Louisiana law for attorney's fees and penalties does not necessarily bump the amount in controversy above the jurisdictional amount. Under Louisiana law, Plaintiff could recover $5,000 pursuant to section 22:1220 and a twenty-five percent penalty under section 22:658. La.Rev. Stat. §§ 22:1220 and 22:658. Yet, Defendant must do more than point to the possibility of attorneys fees; indeed, Defendant must present facts indicating the propriety of such penalties to satisfy the jurisdictional minimum on this ground. Thus, it is not facially apparent, nor have facts been set forth at this time to show that the jurisdictional minimum was met on the date of removal.

In addition, the Court is mindful that removal jurisdiction is strictly construed.

*See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739. Although this is a close case, the Court finds that Allstate has not established subject matter jurisdiction.

IT IS ORDERED that this matter be and hereby is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 2nd day of November, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE